**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02613-PAB-NYW

SPENCER ERICKSON,

    Plaintiff,

v.

CITY OF LAKEWOOD, COLORADO,
RYAN O'HAYRE, Lakewood Police Officer, in his individual capacity,
EDWARD BAGGS, Lakewood Police Officer, in his individual capacity,
JUSTIN RICHARDS, Lakewood Police Officer, in his individual capacity,
KENNADEE BLEAK, Lakewood Police Officer, in his individual capacity, and
MATTHEW CHRISTENSEN, Lakewood Police Officer, in his individual capacity,

    Defendants.

## ORDER

Magistrate Judge Nina Y. Wang

This matter came before the court on the Parties' joint request for an informal discovery conference ("Discovery Conference") to resolve a discovery dispute related to a deposition topic ("Topic 29") noticed by Plaintiff Spencer Erickson ("Mr. Erickson" or "Plaintiff") and directed to Defendant the City of Lakewood, Colorado (the "City" or "Defendant"). *See* [Doc. 126-1]. On September 21, 2021, this court held a Telephonic Discovery Conference, at which both Mr. Erickson and the City presented argument. *See* [Doc. 125]. Having reviewed the Parties' submitted materials, the applicable case law, and the entire docket, this court respectfully (1) **AMENDS** Topic 29 to be expressly limited to seeking factual bases, rather than attorney impressions, opinions, or legal conclusions, except as precluded herein; and (2) **ORDERS** Defendant to **DESIGNATE** a Rule 30(b)(6) deponent to testify as to Topic 29, as limited herein,

or to **DESIGNATE** other deposition testimony as responsive Rule 30(b)(6) testimony and **STIPULATE** and that there are no additional responsive facts.

## BACKGROUND

The presiding judge, the Honorable Philip A. Brimmer, set forth the factual background of this case in detail, *see* [Doc. 64], and this court does so again here only as relevant to the instant matter. Plaintiff alleges that he suffered severe injuries when Defendants used a Lakewood Police Department K-9 to apprehend Mr. Erickson while he was asleep in his bed. *See generally* [Doc. 106]. As relevant here, Plaintiff alleges in his Third Amended Complaint and Jury Demand (the "Third Amended Complaint"), [*id.*], that the City violated his Fourth Amendment rights by, *inter alia*, failing to train its officers to properly deploy or use K-9s and/or failing to supervise its officers in the deployment or use of K-9s. [*Id.* at ¶¶ 163-74].

On November 18, 2019, the undersigned held a Scheduling Conference, at which the undersigned set July 31, 2020 as the deadline for discovery; August 28, 2020 as the deadline for dispositive motions; and October 21, 2020 as the Final Pretrial Conference. *See* [Doc. 22 at 12, 15]. Plaintiff then filed his Second Amended Complaint, [Doc. 23], upon which filing Defendants moved for partial dismissal of Plaintiff's claims. [Doc. 28].[1] After various requests for extensions of time by the Parties, *see, e.g.*, [Doc. 50; Doc. 55; Doc. 61], the discovery deadline was set for December 14, 2020. [Doc. 63]. On September 24, 2020, while discovery was ongoing, the presiding judge granted in part and denied in part Defendants' motion for partial dismissal, which included dismissal of Plaintiff's claim against the City. [Doc. 64 at 18, 26]. After Mr. Erickson moved for reconsideration of the dismissal of that claim insofar as it was dismissed with prejudice,

---

[1] At the same time, Defendants moved to stay discovery in this case. [Doc. 29]. This court denied the motion upon finding that a stay of discovery was not warranted. [Doc. 44].

2

[Doc. 65], Chief Judge Brimmer construed the motion as a request for leave to amend and permitted Plaintiff leave to amend his complaint. [Doc. 103 at 12]. Mr. Erickson filed the Third Amended Complaint on July 20, 2021. [Doc. 106]. The City filed its Answer to the Third Amended Complaint on August 24, 2021. [Doc. 122].

On July 27, 2021, the Parties filed a Second Joint Status Report in which they indicated that they were "in agreement [that] [d]iscovery would be re-opened for 120 days" to permit the completion of discovery related to Plaintiff's claim against the City. [Doc. 108 at 1]. Specifically, the Parties agreed that the outstanding discovery consisted of (1) discovery that was pending at the time the presiding judge dismissed Plaintiff's claim against the City; (2) a Rule 30(b)(6) deposition of the City, and (3) "further discovery that follows up on information learned in either the City's new discovery responses or the Rule 30(b)(6) deposition." [*Id.* at 1-2]. This court construed the Status Report in part as a motion to re-open discovery and ordered that discovery would be re-opened for 120 days for the limited purposes identified in the Status Report. [Doc. 110].

On September 3, 2021, Plaintiff and the City jointly contacted the undersigned's chambers via telephone concerning a discovery dispute related to the topics noticed for the City's Rule 30(b)(6) deposition. [Doc. 123]. Specifically, the City indicated that it was unable to produce a designee for all of Plaintiff's 29 deposition topics before the deposition then scheduled for September 8, 2021. *See* [*id.* at 1]. This court held an immediate informal Discovery Conference and directed the City to identify and designate designee(s) for the outstanding deposition topics on or before September 13, 2021, and further ordered that those deponents were to be available for a deposition on or before October 13, 2021. [*Id.* at 1-2]. On September 17, 2021, the Parties jointly contacted the undersigned's chambers via email concerning another discovery dispute. [Doc. 126-1]. The Parties' discovery dispute concerns Plaintiff's Topic 29 for the City's Rule 30(b)(6)

3

deposition: "the City's denial, denial based on lack of knowledge, or partial denial of paragraphs 72, 76, 83-85, 89-90, 93-94, 97-100, 103-[05], 111, 113, 116-[17], 129, and 135-[38] of the Third Amended Complaint."[2] [*Id.* at 2]. While it agrees that Plaintiff is permitted to inquire about the trainings and policies that are referred to in the Third Amended Complaint, the City argues that Topic 29 impermissibly seeks the City's understanding of or legal conclusions regarding the legal matters implicated by the designated Paragraphs. [*Id.* at 2-3].[3] In addition, the City asserts that Topic 29 is "oppressive and imposes an undue burden on the City" because it would require significant time and resources to properly prepare a representative to discuss all of the Paragraphs referenced in Topic 29. [*Id.* at 3].

Plaintiff disagrees. Mr. Erickson argues that the City cannot demonstrate that it will face any undue burden or expense by designating a deponent for Topic 29 because "each of the denials Mr. Erickson seeks to ask about was made because a representative of the City informed [its] counsel that the denials were warranted by facts known to the City." [*Id.* at 6]. In addition, Mr. Erickson asserts that "the vast majority of potential questions covered by Topic 29 are factual in nature," and that any hypothetical question which may seek information protected by a privilege or the attorney work-product doctrine "can be objected to . . . just as in any other deposition." [*Id.* at 7].

At the September 21, 2021 Discovery Conference, this court precluded all questioning related to Paragraphs 76, 90, 111, and 113. [Doc. 125 at 2]. The court took the City's remaining

---

[2] The Parties represent that Plaintiff originally noticed the following topic for the Rule 30(b)(6) deposition: "The City of Lakewood's justification for the denial of any allegations in the Third Amended Complaint from paragraph 72 through 140, including of those two paragraphs," but that, after conferral, Plaintiff limited Topic 29 to the parameters set forth above. [Doc. 126-1 at 2].

[3] The City asserts that Topic 29 might seek "privileged" information. [Doc. 126-1 at 2]. The City does not specify what type of privilege might attach to the topics contained in Topic 29. The court assumes that the City raises an argument concerning the attorney-client privilege.

objections to Topic 29 – which all relate to the City's concern regarding the attorney-client privilege and/or work product doctrine, under advisement. [*Id.*]. I now consider the Parties' arguments below.

## LEGAL STANDARD

### I.     Rule 30(b)(6) Depositions

Rule 30(b)(6) permits a party to designate a governmental entity for a deposition. Fed. R. Civ. P. 30(b)(6); *see also Whitt v. City of St. Louis*, No. 4:18-cv-1294 RLW, 2020 WL 7122615, at *3 (E.D. Mo. Dec. 4, 2020) ("Rule 30(b)(6) expressly applies to a government agency and provides neither an exemption from Rule 30(b)(6) nor special consideration concerning the scope of discovery." (alteration marks and quotation omitted)). The topics of a Rule 30(b)(6) examination, however, must be relevant. *See, e.g., Von Schwab v. AAA Fire & Cas. Ins. Co.*, No. 14-cv-00183-CMA-NYW, 2015 WL 1840123, at *2 (D. Colo. Apr. 21, 2015) (discovery directed at irrelevant matters "imposes a *per se* undue burden"); *see also* Fed. R. Evid. 401 (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.").

In addition, the information sought in the deposition must be "proportional to the needs of the case." Fed. R. Civ. Proc. 26(b). In considering whether the discovery sought is proportional, the court weighs the importance of the discovery to the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* The Advisory Committee Notes to the 2015 Amendments make clear that the party seeking discovery does not bear the burden of addressing

5

all proportionality considerations.  Advisory Comm. Notes to Fed. R. Civ. P. 26(b)(1).  "When the discovery sought appears relevant on its face, or the discovering party has established relevance, the party resisting discovery bears the burden to support its objections."  *Rios v. Ramage*, No. 19-2602-JWB-ADM, 2020 WL 6701206, at *2 (D. Kan. Nov. 13, 2020); *Rehberg v. City of Pueblo*, No. 10-cv-00261-LTB-KLM, 2011 WL 2180659, at *5 (D. Colo. June 2, 2011).

## II.   Attorney-Client Privilege and the Work-Product Doctrine

Because the court's subject matter jurisdiction rests upon a federal question, federal common law applies with respect to the issue of attorney-client privilege.  *Roe v. Catholic Health Initiatives Colo.*, 281 F.R.D. 632, 636 (D. Colo. 2012).  Under federal common law, the attorney-client privilege arises "(1) where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) unless the protection is waived."  *Id.* (citing *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL–DJW, 2006 WL 266599, at *2 (D. Kan. Feb. 1, 2006)).

Generally, the attorney-client privilege is waived if the client discloses the substance of otherwise privileged communication to a third party.  *In re Qwest Commc'ns, Int'l Inc.*, 450 F.3d 1179, 1185 (10th Cir. 2006); *Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684-JWL, 2015 WL 11121850, at *3 (D. Kan. June 25, 2015).  For testimony to constitute a waiver of the attorney-client privilege, a party must disclose the substance of the privileged communications; general topics are not sufficient.  *Sprint*, 2015 WL 11121850, at *3.

The work product doctrine is reflected in Fed. R. Civ. P. 26(b), which generally protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for

6

a party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A).  "The protection provided by the work-product doctrine is not absolute, and it may be waived." *Qwest*, 450 F.3d at 1186.  The party seeking to invoke the attorney-client privilege or the work-product doctrine bears the burden of establishing that it attaches. *Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2018 WL 2388555, at *3 (D. Colo. May 25, 2018).

### III.   Rule 26(c)

Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).  The party seeking a protective order bears the burden of establishing its necessity, *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981), but the entry of a protective order is left to the sound discretion of the court.  *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).  The good cause standard is highly flexible, having been designed to accommodate all relevant interests as they arise.  *See id.*[4]

### ANALYSIS

### I.   Topic 29

Topic 29 seeks a City designee to testify about "the City's denial, denial based on lack of knowledge, or partial denial of paragraphs 72, 76, 83-85, 93-94, 97-100, 103-[05], 111, 113, 116-[17], 129, and 135-[38] of the Third Amended Complaint."  [Doc. 126-1 at 1].  Defendant first argues that Topic 29 is an impermissible Rule 30(b)(6) topic because it seeks "legal opinions or

---

[4] The City has not filed a formal motion for a protective order.  However, because the City does seek to preclude Mr. Erickson from conducting a deposition as to Topic 29, the standard governing the entry of a protective order is relevant here.

7

privileged information," such as "defense strategies or work product." [Doc. 126-1 at 2]. Defendant asserts that, for this reason, Topic 29 is "irrelevant and impermissible" and amounts to "an improper attempt to depose opposing counsel." [*Id.* at 2-3]. In response, Plaintiff asserts that "the vast majority of potential questions covered by Topic 29 are factual in nature" and that any concerns of privilege can be addressed through the normal course of deposition objections. [*Id.* at 7].

The court notes that "[t]here is authority that tends to support the arguments of both parties." *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 33 (D. Conn. 2003); *see also Radian Asset Assur., Inc. v. Coll. of the Christian Bros. of N.M.*, 273 F.R.D. 689, 691 (D.N.M. 2011) ("Courts have split whether to allow parties to use 30(b)(6) depositions to explore facts underlying legal claims and theories."). Courts tending to preclude such questions have found that this line of questioning comes too close to seeking attorney impressions, opinions, or otherwise protected information. *See, e.g., Fox v. Amazon.com, Inc.*, No. 3:16-cv-3013, 2017 WL 9476870, at *5 (M.D. Tenn. Sept. 21, 2017) ("[T]he decision to admit or deny the allegations in the complaint is a decision made by counsel at the time the answer was filed. That decision by counsel is privileged."); *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996) (finding that a party's attempt to discover facts supporting a defendant's denials and affirmative defenses "implicate[d] serious privilege concerns"). On the other hand, courts have regularly permitted such deposition topics so long as they are expressly limited to seeking facts, rather than attorney impressions or legal theories, finding such lines of questioning akin to contention interrogatories under Rule 33. *See, e.g., Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *9 (N.D. Tex. Oct. 23, 2017) (explaining that contention interrogatories seeking the factual basis of a denial is not protected work product, and that "[t]he same analysis applies to a Rule 30(b)(6)

8

deposition topic seeking the identification of facts"); *see also Radian*, 273 F.R.D. at 692 (stating that "allow[ing] parties to craft [Rule] 30(b)(6) inquiries . . . advances the policy underlying the rules favoring disclosure of information"); *Yerkes v. Weiss*, No. CV 17-2493 (NLH/AMD), 2019 WL 12056384, at *6 n.2 (D.N.J. Sept. 30, 2019) (analyzing propriety of Rule 30(b)(6) questions using standards for Rule 33 contention interrogatories).

The court finds the latter group of cases more persuasive in this instance. "[T]he use of Rule 30(b)(6) depositions for the purpose of obtaining the factual bases for a defendant's asserted position statements or affirmative defenses is not novel." *U.S. E.E.O.C. v. Caesars Ent., Inc.*, 237 F.R.D. 428, 433 (D. Nev. 2006). Contention interrogatories seeking the factual basis of a claim or defense are expressly permitted by Rule 33 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 33(a)(2); *see also Illinois Union Ins. Co. v. Louisiana Health Serv. & Indem. Co.*, No. CV-16-6604, 2017 WL 2955355, at *2 (E.D. La. Apr. 13, 2017) ("[A] contention interrogatory seeking a description of the 'factual basis' [not privileged communications or work product] [is] precisely the sort contemplated by Fed. R. Civ. P. 33(a)(2).") (first set of alteration marks in original); *see also Grynberg v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *7 (D. Colo. May 3, 2006) ("It is proper, of course, to inquire about the material facts supporting specific factual matters raised in the pleadings" in contention interrogatories.). The court cannot conclude that questions permitted in other forms of discovery would be *per se* improper if raised during a deposition. *See Trustmark*, 218 F.R.D. at 34 ("As courts have held contention interrogatories seeking the factual bases for allegations would not encroach on protected information, . . . it is not apparent how the same information would be otherwise unavailable through questions posed to a deponent in the course of a deposition.").

Plaintiff is permitted to seek <u>factual</u> information concerning the City's rebuttal to Plaintiff's allegations of facts of this case, which are undoubtedly irrelevant to this matter. *Whitt*, 2020 WL 7122615, at *10; *Lesley v. Spike TV*, No. CV 04-2758-LGB (PLAx), 2005 WL 8156283, at *2 (C.D. Cal. Apr. 12, 2005) ("Certainly, the factual bases for defendants' contentions and denials, and their affirmative defenses, are relevant to this action."). The existence or veracity of certain facts is not subject to attorney opinion or strategy, nor are underlying facts disclosed to counsel privileged. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). To that end, Plaintiff may inquire about what facts the City relied upon to make denials as to Paragraphs 84-85, 89-90, 93-94, 99-100, 116-117, 129, 135-138. The court has finds that these Paragraphs involve factual assertions—rather than legal conclusions or theories—and that a City deponent setting forth the factual bases for its denials of such allegations would not include divulging any theories, impressions, or opinions as to any legal issues.[5] For instance, for Paragraph 83, *see* [Doc.106 at ¶ 83], Plaintiff may inquire "upon what facts does the City deny that "[t]he TacDogs training method involves 10 areas of training: Foundational Obedience, Communication Obedience, Foundational Searching, Foundational Tactical Obedience, Environmental Training, Cover Officer Training, Tactical Obedience, Handler Searching Techniques, Team Movement and Searching, and Engagements (meaning bites)." In response, the City would respond about the facts upon which it based its denial, for instance, that there are more than 10 areas of training.[6]

The court also acknowledges the City's concerns regarding the potential disclosure of privileged information or attorney work product. *See Lenox MacLaren Surgical Corp. v.*

---

[5] The City argues that Paragraph 115 of the Third Amended Complaint "very plainly seeks a legal conclusion." [Doc. 126-1 at 4]. However, Paragraph 115 does not appear to be one of the Paragraphs at issue in Topic 29. *See* [*id.* at 2].

[6] The court uses Paragraph 83 only as an example and does not presume the accuracy of its example response.

*Medtronic, Inc.*, No. 10-cv-02139-MSK-NYW, 2015 WL 3635422, at *4 (D. Colo. June 11, 2015) (this court noting that contention Rule 30(b)(6) topics "may heighten the risks of inadvertent waiver of attorney-client privilege and/or waiver of attorney work-product doctrine protection"). However, the court finds that such risks may be adequately safeguarded. While Plaintiff initially noticed Topic 29 as seeking the City's "justification" for its denials of certain Paragraphs, the Parties represent that Plaintiff has since "limited this Topic to seeking a designee to testify *concerning* the City's denial, denial based on lack of knowledge, or partial denial of" certain Paragraphs in the Third Amended Complaint. [Doc. 126-1 at 2 (emphasis added)]. To be clear, Plaintiff is not permitted to inquire **why** the City denied certain factual assertions, because such questions unfairly invade the attorney-client privilege, attorney impressions or legal theories. *See Dennis*, 2017 WL 4778708, at *9 (distinguishing between the "content or substance of an attorney's evaluation of why or how those facts support a claim or defense," which may be protected work product, and the "factual basis" of a claim or defense, which is not). To that end, the City contends it lacked sufficient information to either admit or deny, and therefore denies, Paragraph 72. *See* [Doc. 122 at ¶ 72]. This court finds that, given the City's response, there is no underlying factual information that may be ascertained without invading the attorney-client privilege as to why the City responded in that manner and thus, questioning as to Paragraph 72 will not be permitted.

Moreover, this ruling does not impair the City's counsel ability to protect against any inadvertent disclosure of privileged or protected information during the City's Rule 30(b)(6) deposition, as might be appropriate based on questioning that this court cannot predict. *United States v. Holland*, No. 13-cv-10082, 2017 WL 1354178, at *5 (E.D. Mich. Apr. 13, 2017) ("Should a deposition question arise to which a response would require legal analysis or the disclosure of

11

otherwise privileged information, Plaintiff may object to the question and instruct the deponent not to answer in accordance with Federal Rule of Civil Procedure 30(c)(2).").

**II.     Burden**

In the alternative, Defendant argues that Topic 29 is a "blockbuster" topic that should be stricken on the basis that it is "oppressive and imposes an undue burden on the City." [Doc. 126-1 at 3]. More specifically, the City argues that, if it is required to designate a deponent on this topic, it will be required to "expend significant resources to properly educate a corporate representative to extemporaneously and yet competently, reasonably comprehensively, and exhaustively detail all grounds of support for the City's positions as to the [22][7] Paragraphs of the Third Amended Complaint on which Plaintiff demands 30(b)(6) testimony." [*Id.*]. Plaintiff asserts that the City will not be unduly burdened by Topic 29 because "each of the denials Mr. Erickson seeks to ask about was made because a representative of the City informed counsel that the denials were warranted by facts known to the City," as the denials are the City's, not counsel's. [*Id.* at 6]. Mr. Erickson asserts that "[w]however gave this information to opposing counsel is the proper designee, [and] has already done the research necessary to support the City's factual assertion[s]." [*Id.*].

Because this court has concluded, *supra*, that the information Mr. Erickson seeks is relevant, the City bears the burden of demonstrating that the discovery sought is unduly burdensome. *Rehberg*, 2011 WL 2180659, at *5; *see also Ingila v. Dish Network Corp.*, No. 13-CV-00809-MSK-MJW, 2014 WL 1408083, at *1 (D. Colo. Apr. 11, 2014) ("The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and

---

[7] Although Topic 29 lists 27 Paragraphs, this court precluded questions as to Paragraphs 76, 90, 111, and 113 at the Discovery Conference, [Doc. 125 at 2], and has precluded questions as to Paragraph 72 in this Order.

serious injury to the party seeking protection."). The court is respectfully not persuaded that the City has met its burden here.

First, the court notes that the City generally has a burden to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought . . . and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Ebonie S. v. Pueblo Sch. Dist. 60*, No. 09-cv-00858-CMA-MEH, 2010 WL 728516, at *2 (D. Colo. Feb. 25, 2010) (quotation omitted). Thus, "[t]he need to adequately prepare a Rule 30(b)(6) designee does not, on its own, create undue burden for [Defendant]." *Ellis v. Corizon, Inc.*, No. 1:15-cv-00304-BLW, 2018 WL 1865158, at *5 (D. Idaho Apr. 18, 2018); *Radian*, 273 F.R.D. at 692 ("While counsel will have to carefully prepare the 30(b)(6) representative, counsel must always do so."). Although the City argues that preparing a deponent to cover Topic 29 will require expending significant resources, "[t]he court will not deny discovery simply because compliance will inconvenience a nonparty or subject it to some expense." *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 2101251, at *10 (D. Kan. Apr. 30, 2020).

Turning to the substance and volume of material included in Topic 29, the court cannot conclude that finding a designee to testify as to the factual bases of the City's denials to certain Paragraphs would be overly burdensome to the City, particularly given the fact that it is undisputed that the City is willing and has produced designees to discuss its K-9 policies and procedures. Nor is it persuaded that finding an individual who has requisite knowledge and/or is appropriate to educate for the purposes of Rule 30(b)(6) is overly burdensome. Indeed, the City filed its third and operative Answer just one month ago, [Doc. 122], and presumably counsel discussed and verified its factual denials with representatives of the City at that time. Thus, the court is not

convinced that designating a deponent with knowledge relevant to Topic 29 would be particularly onerous; further, despite the City's argument that it must prepare its deponent to "exhaustively detail all grounds of support" for the topics contained in Topic 29, [Doc. 126-1 at 3], the court notes that "[a] deposing party may not demand that a corporate designee be prepared to speak with encyclopedic authority." *Whitt*, 2020 WL 7122615, at *3. And while the court acknowledges that Topic 29's range of 22 Paragraphs is not unsubstantial, Plaintiff's Third Amended Complaint contains 174 Paragraphs in total, and thus it appears that Plaintiff has attempted to limit Topic 29 to only the Paragraphs most relevant to his claim against the City. *Compare Grynberg*, 2006 WL 1186836, at *7 (in the context of interrogatories, finding request that the defendant "identify *each denial* of a material allegation . . . in your pleadings and for each . . . state *all* material facts upon which you base denial" was overly burdensome) (emphasis added).

Finally, although "the burden upon the responding party, to prepare a knowledgeable Rule 30(b)(6) witness, may be an onerous one, [the court is] not aware of any less onerous means of assuring that the position of [the City] can be fully and fairly explored." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (D. Minn. 2000). Here, in their Status Report, the Parties agreed to re-open discovery only for the purposes of completing the outstanding written discovery,[8] a Rule 30(b)(6) deposition of the City, and any necessary attendant discovery. *See* [Doc. 108 at 1]. Given the limited nature of re-opened discovery, the court cannot conclude that Mr. Erickson could otherwise obtain the information he seeks via Topic 29 using "less onerous means." *Cf. Lenox*, 2015 WL 3635422, at *5 (considering the "ample opportunities that Defendants have had to pursue the discovery currently sought" in finding that the Rule 30(b)(6) notice placed an undue burden on the plaintiff).

---

[8] The Parties did not indicate what written discovery was then outstanding. *See* [Doc. 108].

For all of these reasons, the court does not find a sufficient basis to enter a protective order or further preclude or limit Topic 29 except as to what is set forth herein. However, this court is mindful that a further Rule 30(b)(6) deposition may not be the most efficient manner for Plaintiff to obtain that the factual information he seeks in Topic 29. Thus, this court discusses an alternative procedure below.

### III.   Alternative Procedure

During the Discovery Conference, the Parties and the court all acknowledged that the factual bases for the City's denials may be subsumed by other testimony by City designees. Therefore, to the extent that Defendant can identify responsive testimony from other Rule 30(b)(6) testimony, it may designate such testimony as a response to particular Paragraph(s), so long as it also stipulates that there are no further responsive facts as to those particular Paragraph(s). Using the example of Paragraph 83 from above, to the extent that a City designee testified that there are more than 10 areas of training, the City may designate that testimony and stipulate that no further facts are responsive to Paragraph 83. To the extent that there are no facts that the City identifies as the basis of a denial, it may stipulate to that as well.

Accordingly, given the discovery deadline of November 26, 2021 in this matter, Defendant is **ORDERED** to designate an appropriate representative or inform Plaintiff and this court that it intends to avail itself of the alternative procedure no later than **October 1, 2021**, and make available a Rule 30(b)(6) deponent to testify as to Topic 29 or comply with the alternative procedure no later than **October 13, 2021**.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1)  Defendant **SHALL** designate a Rule 30(b)(6) deponent to testify as to Topic 29, as limited herein, or notify Plaintiff and the court of its intent to comply with the court's alternative procedure on or before **October 1, 2021**;

(2)  The court's previous order that all deponents be available to be deposed on or before **October 13, 2021 REMAINS IN PLACE;**

(3)  Any compliance with the alternative procedure should be made no later than **October 13, 2021**.

DATED:  September 23, 2021                        BY THE COURT:

                                                                     _____
                                                                     Nina Y. Wang
                                                                     United States Magistrate Judge